Judge Underwood,
delivered the opinion the court.
The bank obtained judgment. The Court set it aside and granted a new trial. The bank excepted. At a subsequent term, a jury was empan-nelled and sworn to try the cause, “but (as the record states) the plaintiffs refusing further to prosecute their suit, the said jurors were discharged from rendering any verdict,” and thereupon judgment was rendered in favor of the defendant against the plaintiffs, for the damages and costs allowed by law in cases of non-suit. At a subsequent day of the term, the plaintiffs upon affidavits filed, moved the court to set aside the non-suit and to reinstate the cause. The court refused and the plaintiff excepted.
We shall first inquire whether the court erred in refusing to set aside the non-suit. It is unnecessary now, to decide whether this court can in any case set aside anon-suit and reinstate the cause for trial in the inferior court. If it should ultimately be determined to entertain jurisdiction, and to revise orders of non-suit, the rule will certainly require that the non-suit should be traced satisfactorily to some error or impropriety on the part of the court, whereby, the non-suit has been super-induced. If the circuit court in the present case has committed no error, if it has done nothing to mislead the plaintiffs, and to induce them to suffer a non-suit, then they have no right to a reversal of the order, no matter what consequences may result.
TIiat a wit¿ ness, by whom a fact material to the right of action;,is expected tó be proved, is discovered on the trial to be incompetent, no ground for surprize, nor for setting aside a non-suit
The following are the grounds upon which the circuit court was asked to set aside the non-suit. Three attorneis representing the plaintiffs in the prosecution of the suit in the Henderson circuit court, state on oath, that they were surprised on the second trial of the cause by the rejection of the deposition of Kirkpatrick, whose deposition had been used ón the first trial; that they were wholly unaware of any circumstance which would authorize the exclusion of said deposition, until after the jury were sworn, when a witness was introduced, who swore that he had twice been at a general meeting of the stockholders of the bank of Illinois, in which the.said Kirkpatrick set as a stockholder in the bank; that they were not prepared with any other evidence than said deposition, to prove notice to the defendant of the protest of the bill of exchange endorsed by him, and upon which endorsement the suit was founded; and were therefore compelled to suffer a non-suit. From all which it seems that the court upon proof of Kirkpatrick’s interest as a stockholder, excluded his deposition, and this produced a voluntary non-suit. Here is nothing like error on the part of the court. An interested witness can never be permitted if known, to influence the trial by his testimony. Upon the first trial, it does not appear that the interest of Kirkpatrick had been discovered. Although objections were then made to the reading of his deposition, his interest was not rélied on as a cause for its rejection.
But the attornies insist that they were surprised. Surely they were not surprised by the decision of the court, when Kirkpatrick’s interest was made manifest. Their affidavits can only mean that they were surprised to find that the only witness on whom they relied, to prove an important fact, ivas incompetent to testify, because of his interest. Take this to be true, did the court occasion the surprise? Did the defendant cause it? Or Was it not the fault of the plaintiffs, to forward to their attornies the deposition of a party in interest? The fault lies with them, and if they have attempted to usé an incompetent witness, by concealing his interest from their attornies, they must abide the consequences of their own improper act. Although a corporation is the paintiff,yether agents who took the deposition, and *130 who attended to the preparation of the suit for trial* were bound to know whether Kirkpatrick was a competent witness, and should not have attempted to rely on his testimony contrary to law. The court very properly refused to set aside the non-suit.
If party suffer a non-suit, court will not look back to any proceedings, which may be had to his prejudice on a former trial.
Qurere. Will the court of appeals in any case order a non-suit to be set aside by the circuit court?
Crittenden, for plaintiff; Denny and Monroe for defendant.
The assignment of errors, questions the correctness of the decision of the court, in setting aside the verdict in favor of the plaintiffs, and granting a new trial. We cannot inquire into the errors thus assigned, if they really exist according to the assignment. The plaintiffs have abandoned their action, by voluntarily suffering a non-suit, uninfluenced by any error on the part of the court. Suppose the plaintiffs since the non-suit* have instituted another action and obtained judgment for the amount of the bill of exchange; in that event, if we were to determine that the court erred in awarding a new trial, and were to remand the cause with directions, to enter judgment in favor of the plaintiffs upon the verdict of the jury, then the plaintiffs would have two valid judgments for the same debt, and each might be collected. The possibility of such injustice is a sufficient reason why this court should refuse to examine the proceedings had upon the first trial. The case of Watson vs. Anderson, Hardin 459, is an authority in point.
Judgment affirmed with costs.